UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------------------------X

STEPHANIE MCINTOSH,                                    CASE NO.: 1:19-CV-24596

    Plaintiff                                                     **COMPLAINT**
                                                                   **Plaintiff Demand a Trial by Jury**
    v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
HARVEY GRIFFIN individually and in his official capacity,
SEAN FORBES individually and in his official capacity,

    Defendants.
------------------------------------------------------------------------X

Plaintiff, STEPHANIE MCINTOSH, through her counsel, Derek Smith Law Group, PLLC, hereby complains of Defendants; FEDEX GROUND PACKAGE SYSTEM, INC., HARVEY GRIFFIN and SEAN FORBES, and allege as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ( "Title VII"); the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ( "FCRA"); and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to sex/gender discrimination, sexual harassment, hostile work environment, retaliation, wrongful termination, assault and battery.

2. This action is to redress Defendants' injuries suffered as a result of suffering an assault and battery, and the unlawful employment practices of the Defendants, including Defendants' unlawful discrimination and sexual harassment of Plaintiff on account of her gender, and Defendants' retaliation against Plaintiff for her rejection of said sexual harassment, which culminated in her wrongful termination.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to Title VII, and Florida law.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to file this action.

8. On or around February 27, 2019, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Charge number 510-2019-02427.

9. On or around September 12, 2019 Plaintiff received the EEOC's Right to Sue Letter in reference to her EEOC charge.

10. Plaintiff filed this complaint within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

11. An EEOC filing automatically operates as a dual Florida Commission on Human Relations ("FCHR") filing.

## PARTIES

12. At all material times, Plaintiff STEPHANIE MCINTOSH (hereinafter referred to as "Plaintiff" or "MCINTOSH") is an individual African American woman who is a resident of the State of Florida and resides in the Miami-Dade County.

13. At all material times, Defendant FEDEX GROUND PACKAGE SYSTEM, INC., (hereinafter referred to as "Defendant" or "FEDEX") is a Florida For-Profit Corporation, created and authorized under the laws of the State of Florida.

14. Defendant FEDEX is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

15. At all material times, Defendant HARVEY GRIFFIN (hereinafter referred to as "GRIFFIN" or "Defendant"), was and is an adult individual man, believed to reside in the state of Florida and live in Miami-Dade County.

16. At all material times, Defendant GRIFFIN was an employee of FEDEX.

17. At all material times, Defendant SEAN FORBES (hereinafter referred to as "FORBES" or "Defendant"), was and is an adult individual man, believed to reside in the state of Florida and live in Miami-Dade County.

18. At all material times, FORBES was a manager at FEDEX, who held supervisory authority over Plaintiff, and controlled various tangible aspects of her employment.

19. At all material times, Defendant ERIC MCCOY (hereinafter referred to as "MCCOY" or "Defendant"), was and is an adult individual man, believed to reside in the state of Florida and live in Miami-Dade County.

20. At all material times, MCCOY was a manager at FEDEX, who held supervisory authority over Plaintiff, and controlled various tangible aspects of her employment.

21. Defendants FEDEX, FORBES and MCCOY are herein referred to collectively as "Defendants."

## STATEMENT OF FACTS

22. On or about April 26, 2018, Claimant was hired by FEDEX as a part time package handler, working an average of about 20 hours per week.

23. In or about May 2018, GRIFFIN began to engage in unwelcomed and sexually harassing conduct toward Plaintiff. By way of example;

    i. Griffin would repeatedly state to Plaintiff, "DAMN IS THAT ASS REAL?"
    ii. "HEY ARE THOSE TITS REAL?"
    iii. "HEY COME HERE, LET ME ASK YOU SOMETHING…IS THAT YOUR ASS?"

24. On or about June 19, 2018, Plaintiff became frustrated with GRIFFIN's incessant sexual harassment. Plaintiff told GRIFFIN to cease his rude and derogatory comments.

25. GRIFFIN refused to cease the sexually harassing behavior, and instead stated to Plaintiff, "SHIT, I AM JUST SAYING IT LIKE I SEE IT."

26. GRIFFIN also made sexually harassing and derogatory comments to Plaintiff, in the presence of FEDEX managers. By way of example;

    i. On or about June 23, 2018, GRIFFIN taunted Plaintiff about the size of her "ass" in the presence of Israel and Pedro (last names unknown), both FEDEX managers. Plaintiff complained to both managers at the time, neither manager took any corrective action against GRIFFIN.

27. Defendant MCCOY, a manager at FEDEX made several comments to Plaintiff of an erotic nature that made her feel very uncomfortable. MCCOY would also greet Plaintiff as "HI MS.

PURPLE" or "HI MS. RED," in reference to the type of clothing that Plaintiff was wearing at the time.

28. Plaintiff made several complaints FEDEX human resources department ("HR") about the sexual harassment at work, which culminated into a hostile work environment for Plaintiff, and further made it difficult for her to perform work duties.  By way of example,

   i. On or about June 28, 2018, Claimant made a formal complaint to FEDEX Human Resources ("HR").  concerning the sexual harassment and hostile work environment. Plaintiff was told that all information would be kept confidential, and that neither GRIFFIN nor any manger would know of her of her complaint to HR.

29. Following Plaintiff's complaint to HR., GRIFFIN immediately began to retaliate against Plaintiff. On or about June 29, 2018, GRIFFFIN attempted to hit Plaintiff with his vehicle while she was leaving work.

30. Plaintiff immediately went back to HR to report the incident. Upon information and belief, HR failed to conduct any investigation into this matter

31. Managers at FEDEX also began retaliate against Plaintiff because of her complaint to HR. By way of example;

   i. On or about July 6, 2018, FEDEX manager Israel intentionally excluded Plaintiff from the work schedule.
   ii. On or about July 12, 2018, Plaintiff was sent home without completing her shift, without any stated reason.
   iii. On or about July 25, 2018, Defendant FORBES intentionally and without provocation kicked Plaintiff twice.

32. Plaintiff reported to HR that Defendant FORBES had kicked her. Upon information and belief, no disciplinary action was taken against FORBES. FORBES remained as Plaintiff's manager subsequent to her report to HR.

33. Defendants further retaliated against Plaintiff by increasing her workload. Plaintiff was assigned to a package handling/ distribution belt to work by herself. Prior to Plaintiff's complaint, there were at least three employees assigned to the package handling belt.

34. By leaving Plaintiff as the sole employee on the belt. Defendants were placing Plaintiff under what they knew would be an extremely burdensome workload, in hopes that Plaintiff would get fired or quit.

35. As a direct or proximate cause of the unfair workload, Plaintiff injured her right hand and back while at work.

36. In or around mid-September 2018, Plaintiff once more made several complaints to FEDEX managers and HR about the hostile work environment and retaliation. By way of example;

    i. On or around September 14, 2018, Plaintiff had a meeting with several FEDEX managers, including Jose Regelado, Oscar Alves and Mario Duma in which Plaintiff informed them of the unfair treatment that she had endured as a result of her complaints of sexual harassment, and a hostile environment at FEDEX.

    ii. On or about September 20, 2018, Plaintiff again complained to HR and made a direct report to Esperanza Cruz about the sexual harassment, hostile work environment, and subsequent retaliation by Defendants.

37. On at least three occasions in October 2018, Plaintiff availed herself to the FEDEX Help Line as per FEDEX policy. Plaintiff sought assistance with her grievances against FEDEX. Plaintiff

was advised that she would be contacted after the completion of an investigation. To date Plaintiff has not been contacted.

38. On or about October 14, 2018, Plaintiff went to the emergency room to seek treatment for physical injuries that she sustained at work.

39. On or about October 23, 2018, Plaintiff complained that her finger had become swollen rendering her incapable of handling the extremely difficult workload.

40. On October 29, 2018, Claimant received a call from Oscar Alves informing her that she should no longer report to work given her injuries. Plaintiff was told by Oscar Alves that she was going to be placed on worker's compensation due to her injuries.

41. Plaintiff's employment was shortly thereafter terminated.

42. Despite multiple complaints of sexual harassment, hostile work environment, and retaliation, FEDEX failed to take any remedial action.

43. The above are just some examples of the unlawful discrimination and retaliation to which the Defendants have subjected the Claimant.

### COUNT I
### GENDER DISCRIMINATION UNDER TITLE VII
### [AGAINST ALL DEFENDANTS]

44. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 22 to 43 of this complaint.

45. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. [Section 703] states in relevant part as follows:

> (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms,

conditions, or privileges of employment, because of such [her] race, color, religion, sex, or national origin.

46. Title VII further provides that "unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

47. Plaintiff, an African American female was subjected to sexual harassment and employment termination by the Defendants because of her gender.

48. The Defendants discharge and harassment of Plaintiff was, in whole or in part because of her sex.

49. Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Plaintiff with respect to her compensation, terms, conditions, training and privileges of employment because of her sex.

50. Defendants acted with the intent to discriminate.

51. Defendants acted upon a continuing course of conduct.

52. As a result of the Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and pray for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and

declaration that the Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**COUNT II**
**RETALIATION UNDER TITLE VII**
**[AGAINST ALL DEFENDANTS]**

53. Plaintiff incorporate by reference each and every allegation made in the above paragraphs 22 to 52 of this complaint.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. The Defendant has discriminated against and harassed the Plaintiff as it relates to the terms and conditions of her employment, and has denied the Plaintiff continued employment in retaliation for her opposition of sexual harassment.

56. Defendants engaged in a perpetual conduct of harassing Plaintiff on account of her gender.

57. Plaintiff engaged in protected conduct by making several complaints to HR, FEDEX managers, and FEDEX Help Line about sexual harassment and hostile work environment.

58. Within a very short time of Plaintiff's complaint Defendants engaged in several retaliatory acts against Plaintiff, including terminating Plaintiff's employment.

59. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*. by harassing and retaliating against Plaintiff.

60. At all material times Plaintiff opposed Defendants' unlawful conduct.

61. Defendants' decision to terminate Plaintiff's employment was in whole or in part, retaliation for her opposition to its unlawful employment practices.

62. As a result of the Defendants' violations of Title VII; Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and pray for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that the Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

### COUNT III
### TITLE VII HOSTILE WORK ENVIRONMENT
### 42 U.S.C. § 2000e-2
### [AGAINST ALL DEFENDANTS]

63. Plaintiffs incorporate by reference each and every allegation made in the above paragraphs 22 to 62 of this complaint.

64. Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the Plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the Plaintiff's employment. Harris v. Forklift Systems, 510 U.S. 17, 21 (1993).

65. An employer is strictly liable for supervisor harassment that "culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

66. In sexual harassment cases, examples of conduct warranting a finding of a hostile work environment include verbal abuse of a sexual nature; graphic verbal commentaries about an individual's body, sexual prowess, or sexual deficiencies; sexually degrading or vulgar words to describe an individual; pinching, groping, and fondling; suggestive, insulting, or obscene comments or gestures; the display in the workplace of sexually suggestive objects, pictures, posters or cartoons; asking questions about sexual conduct; and unwelcome sexual advances. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) ("discriminatory intimidation, ridicule, and insult"); Meritor Savings Bank FSB v. Vinson, 477 U.S. 57, 60-61 (1986) (repeated demands for sexual favors, fondling, following Plaintiff into women's restroom, and supervisor's exposing himself); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 168 (3d Cir. 2013) (stressing that inquiry "must consider the totality of the circumstances" rather than viewing component parts separately).

67. Here, Defendants' conduct occurred because of Plaintiffs' gender. Defendant GRIFFIN went as far as attempting to injure Plaintiff with his car. Defendants actions were severe and/or pervasive enough to make a reasonable person believe that the conditions of employment were altered and that the working environment was intimidating, hostile and abusive.

68. FEDEX delegated to various managers, the authority to control the work environment and such authority was abused to create a hostile work environment.

69. At all material times, Plaintiff subjectively regarded the verbally and physically-harassing conduct as unwelcomed and unwanted, and objectively opposed such conduct.

70. Defendants' conduct was both severe and pervasive.

71. Defendants' conduct unreasonably interfered with Plaintiff's work performance.

72. As a result of the Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and pray for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that the Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

## COUNT IV
## SEX DISCRIMINATION UNDER FCRA
## [AGAINST ALL DEFENDANTS]

73. Plaintiffs incorporate by reference each and every allegation made in the above paragraphs 22 to 72 of this complaint.

74. The Florida Civil Rights Act ("FCRA") Section 760.10(1)(a) provides that:

> It is an unlawful employment practice for an employer:
>
> > To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

75. Plaintiff, an African American woman was subjected to disparate treatment on account of her sex, including terminating her employment.

76. Plaintiff suffered sexual harassment, hostile work environment, retaliation, and unlawful termination on account of her female gender.

77. Defendants actions violated the FCRA, which prohibits Defendants from discriminating against Plaintiff on account of her sex/gender, with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

78. As a result of the Defendants' violations of FCRA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and pray for the following relief: (1) an award of compensatory damages; (2) an award of reasonable attorneys' fees and costs of this action; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that the Defendants' conduct as set forth herein is in violation of the FCRA; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**COUNT V**
**RETALIATION UNDER FCRA**
**[AGAINST ALL DEFENDANTS]**

79. Plaintiff incorporate by reference each and every allegation made in the above paragraphs 22 to 78 of this complaint.

80. Plaintiff, an African American woman, was subjected to sexual harassment, and a hostile work environment because of her sex.

81. Plaintiff opposed Defendants unlawful conduct, and made several complaints FEDEX HR, FEDEX managers FEDEX Help Line.

82. Within a short time after Plaintiff's complaints, Defendants engaged in acts of retaliation against the Plaintiff, including terminating Plaintiff's employment.

83. Defendants' decision to terminate Plaintiff's employment was in whole or in part, retaliation for her opposition to their unlawful employment practices.

84. Defendants engaged in unlawful employment practice prohibited by the FCRA by harassing and retaliating against Plaintiff with respect to the terms, conditions or privilege of employment due to her opposition to the unlawful employment practices of the Defendants.

85. As a result of the Defendants' violations of FCRA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and pray for the following relief: (1) an award of compensatory damages; (2) an award of reasonable attorneys' fees and costs of this action; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that the Defendants' conduct as set forth herein is in violation of the FCRA; and (5) all additional general and equitable relief to which Plaintiff is entitled.

## COUNT VI-BATTERY
## [AGAINST DEFENDANT FORBES]

86. Plaintiff incorporate by reference each and every allegation made in the above paragraphs 22 to 85 of this complaint.

87. Without privilege or consent, FORBES, while acting as a manager at FEDEX intentionally caused offensive and harmful contact with Plaintiff's person by using his foot to kick the Plaintiff on her lower shin bone area.

88. FORBES acted with the intent to cause the foregoing offensive and harmful contact with the Plaintiff's person, against Plaintiff's will.

89. As the direct and proximate result of Defendant's offensive and harmful contact, Plaintiff has suffered injuries, damages, and losses – including, without limitation, past and future physical injury, pain, and suffering; past and future emotional and mental distress, loss of self-esteem, pain, and suffering; impaired earning capacity, and loss of enjoyment of life.

## COUNT VII- ASSAULT
## [AGAINST DEFENDANT GRIFFIN]

90. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 22 to 89.

91. Defendant, GRIFFIN intentionally caused or acted with a reckless disregard of causing Plaintiff to fear imminent harmful contact with his vehicle, when he sped his vehicle toward the Plaintiff apparently intending to hit her with his vehicle.

92. Defendant GRIFFIN was in full control of his vehicle as it sped toward Plaintiff, and had the present ability to injure Plaintiff with the vehicle.

93. Plaintiff readily apprehended the impending harmful contact with Defendant's vehicle, which

created a well-founded fear that physical injury to her person was about to occur.

94. As the direct and proximate result of the Defendant's intentional actions, Plaintiff has suffered and will continue to suffer injuries, damages, and losses – including, without limitation; pain, and suffering, emotional and mental distress, and loss of enjoyment of life.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues raised by this complaint.

Dated: Miami, Florida
November 5, 2019

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

By:   s/ Walwin Taylor
 WALWIN TAYLOR, ESQ
Fla Bar No.: 119416
Walwin@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
*Attorneys for Plaintiff*